## Commonwealth v. McNair

*John J. Gill, Jr., Assistant District Attorney*, for Commonwealth.

*John J. Thomas*, for defendant.

OLSZEWSKI, *J.*, May 13, 1975—Michael A. McNair, defendant herein, was arrested and in-

dicted for the crimes of burglary[1] and receiving.[2] These charges resulted from a burglary of the premises of Leonard and Josephine Farber. Property stolen from the Farbers included three watches, four rings and a coin collection. When defendant, Michael A. McNair, was arrested on November 23, 1974, approximately five days after the burglary, the following items were recovered from his possession: 1 watch, Bulova, gold, gold band, self-winding; 1 watch, Timex, red face, red band; 1 ring, diamond, white gold, 14 carat; 1 ring, white gold, 3 stones, emerald, sapphire and zircon opal; 1 watch, blue black, white gold, 17 jewel, no band; 1

---

1. 18 Pa.C.S. §3502. Burglary.

"(a) Offense defined—A person is guilty of burglary if he enters a building or occupied structure, or separately secured or occupied portion thereof, with intent to commit a crime therein, unless the premises are at the time open to the public or the actor is licensed or privileged to enter.

"(b) Defense.—It is a defense to prosecution for burglary that the building or structure was abandoned.

"  . . .

"(d) Multiple convictions.—A person may not be convicted both for burglary and for the offense which it was his intent to commit after the burglarious entry or for an attempt to commit that offense, unless the additional offense constitutes a felony of the first or second degree.": December 6, 1972, P.L. 1482 (No. 334), sec. 1, eff. June 6, 1973.

2. 18 Pa.C.S. §3925. Receiving Stolen Property

"(a) Offense defined.—A person is guilty of theft if he intentionally receives, retains, or disposes of movable property of another knowing that it has been stolen, or believing that it has probably been stolen, unless the property is received, retained, or disposed with intent to restore it to the owner.

"(b) Definition.—As used in this section the word 'receiving' means acquiring possession, control or title, or lending on the security of the property.": December 6, 1972, P.L. 1482 (No. 334), sec. 1, eff. June 6, 1973.

watch, gold Orion, Swiss made, serial no. 11561; and a bracelet, silver ID, with the name of Michelle.

Not all of the items which were missing from the burglary were in the possession of defendant. The Orion watch and the bracelet with the name "Michelle" on it belonged to defendant and were not part of the items missing from the Farber home. These were returned to defendant at the court's direction.

After a trial without jury, defendant was found guilty on both indictments. Motion for new trial and/or in arrest of judgment were filed. In support of those motions, the following reasons were advanced:

"1. The verdict is contrary to the evidence.

"2. The verdict is contrary to the weight of the evidence.

"3. The verdict is contrary to the laws.

"4. The Court erred in failing to sustain Defendant's demurrer.

"5. That the Court erred in finding the Defendant guilty of burglary since the Defendant was also found guilty of Receiving and a finding of guilty for Receiving is a finding that the Defendant was not a principal involved in the commission of the crime which he is accused of having entered the structure intending to commit.

"6. That the Court erred in finding the Defendant guilty of Receiving since the Defendant was also found guilty of burglary and a finding of guilt for burglary is a finding that the Defendant was a principal involved in the commission of the crime which he is alleged to have entered the premises intending to commit, presumably theft, and thus the Defendant was not capable of committing the

crime of receiving, as a matter of law, he cannot 'receive' from himself.

"7. That the Court erred in finding the Defendant guilty of both Receiving and Burglary since, under the facts of the case, the Defendant could not be both a receiver and a burglar.

"8. That the Court erred in finding the Defendant guilty of Burglary since there was no evidence that the Defendant entered the building or occupied structure involved."

On November 18, 1974, Mrs. Farber left her home at about 10 a.m., and when she returned at approximately noon, she found her home disrupted and items of personal property missing. She also testified that the lattice-work on her porch was broken, where it appeared that somebody took a stick and was trying to pry open a side window.

Mr. Farber identified some of the items which were stolen, but he was at work on the day in question.

Mrs. Loretta Davis testified that on the day of the burglary at about 11:50 a.m., she observed a young Negro walking up the middle of the highway. Her home was located about one-quarter mile from the home of the Farbers, and there were no homes between them. She stated she was unable to identify this young black boy, but that he was well dressed and wearing a light-weight, beige or yellow jacket. Mr. Philip Farber, father of the victim, Leonard Farber, testified that defendant came to his house just before noon selling magazine subscriptions, and that defendant was well dressed and had a two-tone coat on. Trooper Sylvester Meyer, of the Pennsylvania State Police, testified that upon investigation, it appeared that a window on the north

side of the home was attempted to be opened by a piece of lattice which was lying on the ground underneath the window, and that there were marks on the frame and on the window itself. It appeared that someone had tried to push it open. No fingerprints were found at the scene, and all of the missing items were not recovered.

Defendant McNair testified that he was selling magazine subscriptions in the area, and that some distance from the Farber house, another black boy came out of a red barn and offered to sell certain jewelry to him. Further, he stated that he, in fact, purchased some of the jewelry for $15. Defendant specifically testified that the red barn was about a mile and a half away from the Philip Farber house. Defendant stated that the black boy from whom he purchased the jewelry was not working with the team of men with whom he was selling magazines.

In rebuttal, Mrs. Josephine Farber testified that there was no red barn in the area.

We first address ourselves to the serious question that defendant could not be both the burglar and the receiver of stolen goods. In the case of Commonwealth v. Joseph Williams, 63 Luz. 171 (1973), the Luzerne County court en banc held in a unanimous decision that the principal or thief cannot also be adjudged guilty of criminally receiving the things stolen. See also 66 Am. Jur. 2d, 302, 303, "Receiving Stolen Property." Also, in Commonwealth v. Maxberry et al., 13 D. & C. 371, 372 (1930), the court stated: "A thief cannot be convicted of receiving goods which he stole."

Under the circumstances of this case, we feel compelled to follow the decision in the Williams case, supra. In view of Williams, supra, we hold that defendant is entitled to a new trial. Because we

hold that defendant is entitled to a new trial on both the burglary and receiving convictions, we need not consider the merit of the issues, which are obviated by this decision.

Accordingly, we enter the following

## ORDER

It is ordered, adjudged, and decreed that the motion for new trial is hereby granted.